Rossell, J.
— The state of demand, though not set forth with strict and technical nicety, is not so faulty, especially as the plaintiff pleaded to it not guilty, as to set aside the judgment. I think, however, that the admission of the affidavits should have appeared to be by the consent of the defendant; and am therefore for reversal.
Pennington, J.
— The first reason assigned for the reversing this judgment is, that the action is case when it ought to have been trover. There is nothing in this; an action of trover, is an action on the case.
The second reason is, that the state of demand does not contain a sufficient cause of action. It appears to me, that this is a sound objection. The action is an action on the case, in the nature of an action of deceit. The [*] plaintiff states, that he demands of the defendant §80 for a horse which he purchased from Tho’s Smith, and which the said defendant *179 took from him by misrepresentation. The manner of this fraud, misrepresentation, or deceit, ought to have been set out, so as to have shewn the transaction to have been fraudulent and deceitful, and to the damage of the plaintiff. The state of the demand does not even aver the property of the horse to be in the plaintiff, only by way of inference, and that inference not conclusive; the horse might not have been Thomas Smith’s. But what I principally go on, is, that the state of demand ought to have shewn in what the deceit consisted; at least, so much of the transaction should have been stated as to have made the cause of action apparent on the record. It is no more than the plaintiff saying, I demand of the defendant §80, for deceiving me about a horse.
The third reason assigned is, that the justice granted a venire for a jury, at the request of the plaintiff, in the absence of the defendant. I think the words of the act of Assembly justifies this proceeding; the time given for awarding a venire is after the appearance of the defendant, and before the justice hath proceeded to enquire into the merits. This was the case here; and as to that, I apprehend, regular.
The fourth reason assigned is, because the justice admitted in evidence, and suffered to go to the jury, depositions taken before another j ustiee. As to this, it appears by the transcript of the justice, that depositions taken before a justice of Burlington county, about a year before the trial, and before the commencement of the suit, was read in evidence; that this proceeding is against law cannot be questioned. If this had been done by consent, it would have been proper; we cannot, however, infer consent from the record; nor can I very readily bring my mind to think, that this error is cured by the omission on the part of the defendant below to object to it, as hath been intimated. I do not apprehend that the error arises from depositions being [*] admitted against the objection of the adverse party, but to their being admitted at all without consent.(a) In trials before justices, parties are presumed to be, and in most cases, are without counsel; they cannot be supposed to be sufficiently acquainted with the rules of evidence to know when to object and when not. If, therefore, the want of objection is to legalize testimony otherwise illegal, the rights of ignorant men will be endangered. On the second and fourth reasons, I am, for the reasons before mentioned, of opinion, that thejudgment of the j ustiee ought to be reversed.
Kixkpatkick, C. J. — Concurred.
Judgment reversed.

 In justices court, evidence is offered at the producer’s peril. South. 302, 3 Halst. 88.